NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREATER YELLOWSTONE COALITION; et al., | No. 09-35753 |
| Plaintiffs, | D.C. No. 4:08-cv-00388-MHW |
| and | |
| ASHLEY CREEK PROPERTIES, L.L.C., | MEMORANDUM[*] |
| Petitioner-intervenor - Appellant, | |
| v. | |
| BRENT LARSON, Supervisor, Caribou-Targhee National Forest, in his official capacity; et al., | |
| Defendants, | |
| UNITED STEELWORKERS LOCAL 632; et al., | |
| Defendant-intervenors, | |
| and | |
| J.R. SIMPLOT COMPANY, | |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

                    Defendant-intervenor -
    Appellee.

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding

Argued and Submitted October 6, 2010
Seattle, Washington

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

Ashley Creek Properties, L.L.C., appeals the district court's denial of its motion to intervene. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ashley Creek sought to intervene in this lawsuit filed by Greater Yellowstone Coalition, National Resources Defense Council, Sierra Club, and Defenders of Wildlife to enjoin the expansion of J.R. Simplot Company's Smoky Canyon Mine. Early in the lawsuit, the district court granted intervenor status to Simplot as well as to various Idaho and Wyoming cities and counties, United Steelworkers Local 632, and the Idaho Farm Bureau Association. Ashley Creek sought repeatedly, albeit unsuccessfully, amicus curiae status.

This court instructed the district court to conduct expedited briefing on the final merits of the case. The conservancy groups, Simplot, and the federal agencies

2

all moved for summary judgment. Pursuant to this court's instructions, the district court issued an expedited scheduling order.

After the expedited briefing on the summary judgment motions had been completed and three weeks before the district court's scheduled decision, Ashley Creek moved to intervene. The district court did not abuse its discretion in holding that Ashley Creek's motion to intervene was not timely. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997) (holding that timeliness is a threshold requirement for both intervention as of right and permissive intervention).

AFFIRMED.